UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEPHANIE SEDHOM, individually, and on behalf of others similarly situated,

    Plaintiff,

v.

PRO CUSTOM SOLAR LLC

    Defendants.

*Case No.: 2:17-cv-7559*

---

**MEMORANDUM OF LAW IN SUPPORT OF PRO CUSTOM SOLAR LLC'S MOTION TO DISMISS**

---

John P. Campbell, Esq.
*Of Counsel & On the Brief*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ....................................................................................... 2

LEGAL ARGUMENT .............................................................................................. 3

    POINT I

        PLAINTIFF'S CLASS ACTION COMPLAINT MUST BE DISMISSED BECAUSE THE PROPOSED CLASS RELIES UPON STATUTES THAT CREATE OR IMPOSE PENALTIES AND PLAINTIFF DEMANDS LIQUIDATED DAMAGES ............. 3

CONCLUSION .......................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Ballard v Community Home Care Referral Serv.*, 264 A.D.2d 747 (2d Dept. 1999) ................. 6

*Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550, 550 (1st Dept. 1980) ............................................ 6, 7

*Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317 (SDNY 2010) ............................ 3

**Other Authorities**

12 NYCRR § 142-2.2 ................................................................................................................ 4, 6

12 NYCRR § 142-2.10 ................................................................................................................. 7

12 NYCRR § 146-2.7 ................................................................................................................... 7

CPLR § 901 ........................................................................................................... 1, 3-6, 8

FRCP 12(b)(6) ......................................................................................................... 1, 4, 9

FRCP 81(c)(2)(c) ............................................................................................................. 2

*McKinney's CPLR, Practice Commentaries* § 901 ..................................................................... 3

NY CLS Labor § 190 .................................................................................................................. 8

NY CLS Labor § 191 ............................................................................................................... 6, 7

NY CLS Labor § 193 .................................................................................................................. 7

NY CLS Labor § 195 .................................................................................................................. 8

NY CLS Labor § 198 ............................................................................................................. 4-8

NY CLS Labor § 650 .................................................................................................................. 4

NY CLS Labor § 663 ........................................................................................................... 4, 5, 7

## **PRELIMINARY STATEMENT**

Plaintiff's putative class action complaint is defective and fails to state a claim upon which relief can be granted because it was brought pursuant to CPLR § 901, but impermissibly relies upon statutes which create or impose penalties. Plaintiff also demands these penalties in the form of liquidated damages on behalf of the class. CPLR § 901 strictly forbids any such claims, unless the statute relied upon carves out such a claim. However, the statutes relied upon do not permit any such class action claims. Therefore, Plaintiff's complaint against Pro Custom Solar LLC (hereinafter "Pro Custom") must be dismissed with prejudice in its entirety pursuant to FRCP 12(b)(6).

## STATEMENT OF FACTS

Pro Custom accepts as true all factual allegations in the complaint for the purposes of this motion only.

Briefly, Plaintiff initiated this putative class action by filing a Summons and Complaint in the Supreme Court of the State of New York, County of Queens on or about November 27, 2017. The action was removed to this Court on December 28, 2017. This motion is timely per FRCP 81(c)(2)(c).

Plaintiff worked for Pro Custom as an outside sales representative for approximately nine-months between March 2017 and November 8, 2017. *See* Complaint ¶11 at Exhibit A to Campbell Affirmation. Plaintiff now brings this action as a purported class action. She seeks to represent a putative class that includes "herself and classes of other similarly-situated current and former employees of Pro Custom, that he and she were not paid required overtime wages, were subject to unlawful wage deductions in the form of unreimbursed business expenses, and were not paid weekly as required for manual works." *See* Complaint ¶1. Plaintiff's Complaint asserts four causes of actions relying upon various provisions of the New York Labor Law which create or impose penalties upon employers when violated.

## LEGAL ARGUMENT

**I. PLAINTIFF'S CLASS ACTION COMPLAINT MUST BE DISMISSED BECAUSE THE PROPOSED CLASS RELIES UPON STATUTES THAT CREATE OR IMPOSE PENALTIES AND PLAINTIFF DEMANDS LIQUIDATED DAMAGES**

Plaintiff alleges "pursuant to the NY Civil Practice Law and Rules 901 et seq., on behalf of herself and classes of other similarly-situated current and former employees of Defendant, that he and she were not paid required overtime wages, were subject to unlawful wage deductions in the form of unreimbursed business expenses, and were not paid weekly as required for manual workers — they seek the recovery of wages, <u>liquidated damages</u>, attorney's fees and costs." *See* Complaint ¶1 (emphasis added). Plaintiff's putative class action complaint must be dismissed because it seeks liquidated damages and CPLR 901 precludes class action claims for statutory violations that include penalties unless the statute expressly permits otherwise. Here, the statutes relied upon by the Plaintiff include penalties, Plaintiff demands those penalties, but none of the statutes carve out permission for the class action claims alleged.

CPLR § 901 provides the prerequisites to file a lawsuit as a class action in New York and unambiguously forbids a plaintiff from filing pursuant to a statute that creates or imposes a penalty. Specifically, CPLR § 901(b) states the following as a prerequisite for a class action:

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

"Under prevailing New York authority, 'a statute imposes a penalty when the amount of damages that may be exacted from the defendant would exceed the injured party's actual damages.'" *See Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 322 (SDNY 2010) *citing McKinney's CPLR, Practice Commentaries* § 901, at 104 (2006). As discussed in detail

3

below, Plaintiff's four causes of action rely upon statutes that create or impose a penalty and the Plaintiff seeks maximum liquidated damages in every instance in addition to wages alleged to have been lost. The complaint is impermissible pursuant to CPLR § 901. As such, the complaint must be dismissed per FRCP 12(b)(6).

### 1. *Plaintiff's First Cause of Action Must be Dismissed*

Plaintiff's First Cause of Action is brought under the NY Minimum Wage Act, NYLL Sections 650-666, and the regulations issued there under, 12 NYCRR 142-2.2. Specifically, Plaintiff alleges "Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, including 12 NYCRR § 142, NYLL §§ 650 et Seq., 190 et Seq. and the regulations thereunder. *See* Complaint ¶33. Moreover, it is alleged that "Defendant failed and willfully failed to pay Plaintiff and the putative class members at least 1.5 times their regular rate and 1.5 times the applicable New York minimum wage rate for each and all hours over 40 in a week, in violation of 12 NYCRR § 142-2.2." *See* Complaint ¶33. Therefore, Plaintiff seeks "to recover from Defendant, their unpaid overtime wages, *maximum liquidated damages* (for the period after April 9, 2011), plus attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663. *See* Complaint ¶33 (emphasis added).

However, the statutes relied upon to allege the first cause of action provide for penalties which bars the plaintiff from utilizing a class action to bring this suit. Specifically, New York Labor Law 198 (1-a) states:

> On behalf of any employee paid less than the wage to which he or she is entitled under the provisions of this article, the commissioner may bring any legal action necessary, including administrative action, to collect such claim and as part of such legal action, in addition to any other remedies and penalties otherwise available under this article, the commissioner shall assess against the employer the full amount of any such underpayment, *and an additional amount as liquidated damages,*

4

> unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law. Liquidated damages shall be calculated by the commissioner as no more than one hundred percent of the total amount of wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article. In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, *an additional amount as liquidated damages* equal to one hundred percent of the total amount of the wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article.

> *See* NY CLS Labor § 198(1-a) (emphasis added).

Moreover, the Minimum Wage Act at New York Labor Law 663(1) states:

> By employee. If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, *an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due*. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action.

> *See* NY CLS Labor § 663 (emphasis added).

CPLR § 901 precludes class action claims for statutory violations that include penalties unless the statute expressly permits otherwise. The Minimum Wage Act imposes penalties for a violation, but does not permit class actions for liquidated damages claims which are claimed by the Plaintiff here.

5

The matter of *Ballard v Community Home Care Referral Serv.*, 264 A.D.2d 747 (2d Dept. 1999) is instructive. In *Ballard*, an employee brought an action against an employer seeking to recover unpaid overtime wages at 1.5 times the hourly rate pursuant to 12 NYCRR § 142-2.2. The *Ballard* plaintiff also sought liquidated damages. However, the Court found that "[t]he fact that the plaintiff's complaint contains a claim for liquidated damages precludes class action relief (see, CPLR 901[b])." *See Ballard*, 264 A.D.2d at 748. The same decision must be reached here and the First Cause of Action must be dismissed.

### *2. Plaintiff's Second Cause of Action Must be Dismissed*

Plaintiff's Second Cause of Action is brought under the NY Payment of Wages Act, NYLL Sections 191-199, for failure to make timely wage payments (NYLL Section 191). Specifically, Plaintiff alleges that "Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL § 191(1)(a). *See* Complaint ¶ 47. Therefore, Plaintiff seeks "to recover from Defendant, *maximum liquidated damages* (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198. *See* Complaint ¶ 48 (emphasis added).

However, as indicated above, the statute relied upon to allege the second cause of action provides for a penalty if an employer fails to pay the wages of his employees as provided in the Act. *See* NY CLS Labor § 198(1-a). In *Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550, 550 (1st Dept. 1980), plaintiff commenced a class action to recover liquidated damages on a wage claim pursuant to Labor Law section 198 (1-a). Analyzing the limits of CPLR 901 to bring a class action, the First Department found that "the statute relied on (Labor Law, § 198, subd 1-a) provides for liquidated damages and does not contain the necessary clause allowing these

6

damages to be recovered in a class action." *Id.* The First Department also explored relevant legislative history and found:

> The Governor's message accompanying this legislation pointedly refers to liquidated damages as a "stronger sanction against an employer for willful failure to pay wages [and] should result in greater compliance with the law." (NY Legis Ann, 1967, p 184.) It is clear that liquidated damages as provided in this statute, and especially as viewed in this context, constitute a penalty. Nor can this statute be read as authorizing a class action to recover a penalty. CPLR 901 (subd b) requires express language to that effect, which is here lacking.
>
> *See Carter*, 74 A.D.2d at 551.

Therefore, the First Department barred plaintiff's class action lawsuit in *Carter* and the instant Plaintiff's complaint must be likewise barred.

### 3. *Plaintiff's Third Cause of Action Must be Dismissed*

Plaintiff's Third Cause of Action is brought under the NY Payment of Wages Act, NYLL Sections 191, 193, and 198 regarding deductions from wages, and the regulations issued there under including 12 NYCRR 142-2.10 and 12 NYCRR 146-2.7. Plaintiff's relied upon regulations prohibit an employer from reducing an employee's wages below the minimum wage by failing to reimburse the employee for expenses incurred in carrying-out duties assigned by the employer. Plaintiff claims that the employer failed to reimburse for expenses.

Specifically, Plaintiff alleges that "failed to pay and failed to reimburse Plaintiff and all those similarly-situated as class members, for employment-related expenses such as gas, in violation of NYLL 193 and 12 NYCRR 142-2.10." *See* Complaint ¶ 62. Therefore, Plaintiff seeks "to recover from Defendant, their unreimbursed employment-related expenses, maximum liquidated damages (for the period after April 9, 2011), plus attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663". *See* Complaint ¶ 63 (emphasis added). Plaintiff's third

7

cause of action must fail like the first cause of action because the same statutes are relied upon and both provide for a penalty forbidding this case to be brought by class action.

### 4. *Plaintiff's Fourth Cause of Action Must be Dismissed*

Finally, Plaintiff's Fourth Cause of Action is brought under NYLL Section 195, which requires that employees be provided certain notices regarding their wages. Specifically, Plaintiff claims "Defendant failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1)." *See* Complaint ¶ 66. Moreover, it is claimed that "Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3)." *See* Complaint ¶ 67. Therefore, Plaintiff seeks "to recover from Defendant, his entire unpaid wages, *maximum liquidated damages — including maximum liquidated damages* on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198."

However, Plaintiff's fourth cause of action must fail like the second. Pursuant to NYLL Section 198, an employee is entitled to certain damages for violations of the statute and plaintiff seeks those damages. Accordingly, CPLR 901 requires that the fourth cause of action be dismissed.

## **CONCLUSION**

For the foregoing reasons, Pro Custom respectfully requests that the Court grant its motion, pursuant to FRCP 12(b)(6), and dismiss with prejudice Plaintiffs' complaint in its entirety against Pro Custom Solar LLC.

Dated: Florham Park, New Jersey  
       January 4, 2018

Respectfully submitted,  
SCHENCK, PRICE, SMITH & KING, LLP

/s/ John P. Campbell (JC-8746)_____  
John P. Campbell (JC-8746)  
220 Park Avenue  
Florham Park, New Jersey 07932  
(973) 539-1000  
*Attorneys for Defendants*  
*Pro Custom Solar LLC*

JPC/1871812