UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Stephanie Sedhom,<br>Individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>  -v-<br><br>Pro Custom Solar LLC,<br><br>       Defendant. | **Civ. Action #: 17-CV-07559 (ADS)(AYS)**<br><br>**OPPOSING MEMORANDUM OF LAW**<br><br>**(Motion to Dismiss)** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

       ABDUL HASSAN LAW GROUP, PLLC
       By: Abdul K. Hassan, Esq.
       *Counsel for Plaintiff*
       215-28 Hillside Avenue,
       Queens Village, NY 11427
       Tel: 718-740-1000

SERVED ON JANUARY 24, 2018

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................................ 1

II.    ARGUMENTS.......................................................................................................................... 1

    1.    FRCP RULE 23 GOVERNS CLASS ACTIONS IN FEDERAL COURT AND DOES NOT PRECLUDE CLASS RECOVERY OF LIQUIDATED DAMAGES OR PENALTIES UNDER U.S. SUPREME COURT PRECEDENT.................................................................... 1

    2.    AFTER RECENT AMENDMENTS, LIQUIDATED DAMAGES UNDER NYLL ARE NOW THE SAME AS UNDER THE FLSA – COMPENSATORY AND NOT PUNITIVE, AS THE SECOND CIRCUIT HAS EXPLAINED ................................................................... 3

III.    CONCLUSION........................................................................................................................ 5

# TABLE OF AUTHORITIES

## Cases

*Brooklyn Sav. Bank v. O'Neil*,
    324 U.S. 697 (1945)..................................................................................................... 3

*Chowdhury v. Hamza Express Food Corp.*,
    666 F. App'x 59, 60–61 (2d Cir. 2016)....................................................................... 4

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*,
    415 U.S. 423, 437 (1974).............................................................................................. 3

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393, 408–09 (2010)....................................................................................... 2

*Smith v. Bayer Corp.*,
    564 U.S. 299 (2011)....................................................................................................... 2

## Statutes and Rules

NY CPLR § 901(b) ............................................................................................................ 1, 2, 3

FRCP Rule 23 ..................................................................................................................... 1, 2, 3

## I. PRELIMINARY STATEMENT

Plaintiff Stephanie Sedhom ("Plaintiff" or "Sedhom"), submits the instant memorandum of law in opposition to the motion of Defendant Pro Custom Solar LLC ("Defendant"), to dismiss this action. This case was originally filed in New York State Supreme Court, Queens County, on November 27, 2017. Defendant removed this action to this Court on December 28, 2017, under the Class Action Fairness Act ("CAFA").

The claims and relevant facts are more fully set forth in Plaintiff's complaint (ECF No. 4-3). In essence, however, Plaintiff brings claims for unpaid overtime wages and liquidated damages on behalf of herself and other similarly-situated class members. Plaintiff also brings an individual claim to recover penalties for wage notice and wage statement violations.

Defendant's motion to dismiss should be denied in its entirety because Federal Rules of Civil Procedure ("FRCP") Rule 23 does not prohibit the recovery of penalties in a class action, and in any event, the liquidated damages sought in this action under NYLL are compensatory and not punitive.

## II. ARGUMENTS

### 1. FRCP RULE 23 GOVERNS CLASS ACTIONS IN FEDERAL COURT AND DOES NOT PRECLUDE CLASS RECOVERY OF LIQUIDATED DAMAGES OR PENALTIES UNDER U.S. SUPREME COURT PRECEDENT

On January 4, 2018, Defendant filed a motion to dismiss the complaint on the ground that NY CPLR § 901(b), prohibits class action recovery of a statutory penalty – Defendant argues that the liquidated damages sought by Plaintiff and the putative class is such a penalty. (ECF No. 4-1). Defendant's position is grossly erroneous.  NY CPLR § 901(b) states in relevant part as follows:

1

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

Significantly, the Supreme Court has held relatively recently that NY CPLR § 901(b) is procedural and not substantive. See *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408–09 (2010). As such, the Supreme Court concluded in *Shady Grove* 559 U.S. at 398–99, that FRCP Rule 23 displaces NY CPLR § 901(b) and controls class actions in federal court, and stated in relevant part as follows:

> The question in dispute is whether Shady Grove's suit may proceed as a class action. Rule 23 provides an answer. It states that "[a] class action may be maintained" if two conditions are met: The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b). Fed. Rule Civ. Proc. 23(b). By its terms this creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action. (The Federal Rules regularly use "may" to confer categorical permission, see, e.g., Fed. Rules Civ. Proc. 8(d)(2)-(3), 14(a)(1), 18(a)-(b), 20(a)(1)-(2), 27(a)(1), 30(a)(1), as do federal statutes that establish *399 procedural entitlements, see, e.g., 29 U.S.C. § 626(c)(1); 42 U.S.C. § 2000e–5(f)(1).) Thus, Rule 23 provides a one-size-fits-all formula for deciding the class-action question. Because § 901(b) attempts to answer the same question—i.e., it states that Shady Grove's suit "may not be maintained as a class action" (emphasis added) because of the relief it seeks—it cannot apply in diversity suits unless Rule 23 is ultra vires.

Moreover, this case involves removal under CAFA and the Supreme Court in *Smith v. Bayer Corp.*, 564 U.S. 299 (2011) stated in relevant part as follows:

> In the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332(d), 1453 (2006 ed. and Supp. III), Congress enabled defendants to remove to federal court any sizable class action involving minimal diversity of citizenship. **Once removal takes place, Federal Rule 23 governs certification**.

Also, see generally, *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 437 (1974) ("More importantly, once a case has been removed to federal court, it is settled that federal rather than state law governs the

2

future course of proceedings, notwithstanding state court orders issued prior to removal."). Notably, Defendant moves to dismiss this action pursuant to the Federal Rules of Civil Procedure – not the New York CPLR.

Therefore, even if liquidated damages under NYLL were punitive, recovery of such "penalties" on a class-wide basis, would not be prohibited under FRCP Rule 23 which governs class actions in federal court.

### 2. AFTER RECENT AMENDMENTS, LIQUIDATED DAMAGES UNDER NYLL ARE NOW THE SAME AS UNDER THE FLSA – COMPENSATORY AND NOT PUNITIVE, AS THE SECOND CIRCUIT HAS EXPLAINED

As we explained above, class damages in the form of penalties can be recovered in federal court under NYLL because FRCP Rule 23 trumps CPLR § 901(b). However, as we will now explain, liquidated damages sought in this case under NYLL are not penalties. Following the amendments to NYLL in 2009, liquidated damages under NYLL are now the same as under the FLSA – compensatory and not punitive. In *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945), the U.S. Supreme Court explained that liquidated damages under the FLSA were compensatory and not punitive and stated in relevant part as follows:

> As was indicated in our decision in Overnight Motor Co. v. Missel, supra, Section 16(b) authorizes the recovery of liquidated damages as compensation for delay in payment of sums due under the Act.

By way of reinforcement, the United States Supreme Court in *Brooklyn Savings*, 324 U.S. at 707, further stated as follows:

> [Liquidated Damages] constitutes a Congressional recognition that failure to pay the statutory minimum **on time** may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the **event of delay** in order to insure restoration of the worker to that minimum standard of well-being.

3

In *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60–61 (2d Cir. 2016), the Second Circuit explained that liquidated damages under NYLL is now the same under the FLSA when it stated in relevant part as follows:

> Prior to 2009, by contrast, the liquidated damages provision of the NYLL entitled employees to liquidated damages only in the amount of twenty-five percent of wages owed, and only if the employee proved that the employer's violation of the statute was "willful." The NYLL was amended in 2009 to make liquidated damages mandatory unless the employer could prove its good faith, and amended again in 2010 to increase the amount of liquidated damages from twenty-five percent to one-hundred percent of the total wages due. See Ryan v. Kellogg Partners Institutional Servs., 19 N.Y.3d 1, 10 n.8, 945 N.Y.S.2d 593, 968 N.E.2d 947 (2012).
>
> As a result, the NYLL now mirrors the FLSA: It entitles employees to "liquidated damages equal to one hundred percent of the total amount of the wages found to be due," unless the *61 employer "proves a good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL § 198(1-a); see also id. § 663(1). The legislative history of the 2009 amendment confirms the New York State legislature's intent to "conform" the NYLL's liquidated damages provision to the FLSA's provision. See Bill Jacket, 2009 A.B. 6963, ch. 372, at 6 (expressing sponsor's intent to "conform New York law to the Fair Labor Standards Act").

One of the best indications that liquidated damages under NYLL are not punitive and are compensatory, is the removal of the willfulness or intent requirement for the imposition of liquidated damages under NYLL. Significantly, the cases that Defendant heavily relies on all pre-date *Shady Grove* and *Chowdhury* and also appear not to address the amendments to NYLL.

Therefore, because liquidated damages under the FLSA are compensatory and not punitive, and because recent amendments now "conform New York law to the Fair Labor Standards Act," the liquidated damages under NYLL that Plaintiff and the putative class seek in this case do not constitute a penalty and are compensatory in nature. As such, Defendant's arguments in support of dismissal easily fail.

4

### III. CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff kindly requests, that this Honorable Court: 1) deny Defendant's motion to dismiss in its entirety and with prejudice; and 2) grant Plaintiff any other further and different relief in Plaintiff's favor as this Court deems just and proper.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** **Defense Counsel via ECF**