UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEPHANIE SEDHOM, individually, and on behalf of others similarly situated,

    Plaintiff,

v.

PRO CUSTOM SOLAR LLC

    Defendants.

*Case No.: 2:17-cv-7559*

# MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF PRO CUSTOM SOLAR LLC'S MOTION TO DISMISS

John P. Campbell, Esq.
*Of Counsel & On the Brief*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................... 1

LEGAL ARGUMENT ............................................................................................. 2

    POINT I

        DEFENDANT PROPERLY RELIES UPON NEW YORK SUBSTANTIVE LAW TO DISMISS PLAINTIFF'S CLAIMS .......... 2

    POINT II

        NYLL AMENDEMENTS INCREASING THE PENALTY AMOUNTS ARE IRRELEVANT TO THE SUBSTANTIVE LAW THAT FORBIDS CLASS ACTIONS SEEKING PENALTIES ....................................................................................... 3

CONCLUSION ......................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Cases**

Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945)...................................................................3

Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) ............................3

Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59 (2d Cir. 2016)............................3

Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Driver Local No.
   70 of Alameda Cty., 415 U.S. 423 (1974) ...............................................................................2

Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010) ....................2

Smith v. Bayer Corp., 564 U.S. 299 (2011)...............................................................................2

**Other Authorities**

CPLR § 901.............................................................................................................................1, 2

FRCP 12(b)(6) .....................................................................................................................1, 3, 4

FRCP 23..................................................................................................................................1, 2

**PRELIMINARY STATEMENT**

Plaintiff's opposition to the motion twice misses the point. First, Plaintiff failed to file this claim under federal law. Instead, Plaintiff brought a class action relying upon New York substantive law, which forbids class action suits in wage claims under the New York Labor Law ("NYLL") when penalties are sought. FRCP 23 may govern class action suits in federal court other than those brought under the FLSA, but the substantive NY law which this Court must consider is the law upon which the suit was filed – CPLR 901 and NYLL. Second, amendments to the NYLL which increased penalty amounts do not change the nature of the relief sought by the plaintiff and determined to be disallowed by the New York courts. Thus, the relief obtained under the NYLL, regardless of the amount, is still a penalty notwithstanding the Second Circuit's desire to make the amount of the relief under the NYLL consistent with the amount of relief a plaintiff might receive under the FLSA.

Plaintiff fails to raise any colorable arguments in opposition to the motion to dismiss. Therefore, Plaintiff's complaint against Pro Custom Solar LLC (hereinafter "Pro Custom") must be dismissed with prejudice in its entirety pursuant to FRCP 12(b)(6).

**LEGAL ARGUMENT**

I.  **DEFENDANT PROPERLY RELIES UPON NEW YORK SUBSTANTIVE LAW TO DISMISS PLAINTIFF'S CLAIMS**

Plaintiff filed a New York State Court Complaint citing New York Labor Law ("NYLL") violations and relying upon New York substantive law including CPLR 901 et seq.  *See* Complaint ¶1.  The case was removed to Federal Court, but that does not alter Plaintiff's substantive allegations.[1]  Specifically, Plaintiff seeks to bring a class action, demands liquidated damages and relies upon alleged New York Labor Law violations to bring these claims.  However, New York substantive law forbids class actions along when they rely upon statutes that impose a penalty.  FRCP 23 is not relevant to whether Plaintiff's substantive allegations fail.

Plaintiff fails to cite to this Court any relevant case law to support a denial of this motion.  First, the plaintiff in Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 408–09 (2010) filed a lawsuit in federal and relied upon federal substantive law.  Moreover, Shady Grove addresses whether the class can be certified pursuant to FRCP 23.  Also, Shady Grove does not address whether plaintiffs may pursue a class action and seek statutory penalties when the very statutes it relies upon to make the claim forbids such damages.  Likewise, Smith v. Bayer Corp., 564 U.S. 299 (2011) also applies to class certification – not the dismissal of claims based upon the state substantive law the plaintiff relied upon to file the complaint.  Last, Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.,

---

[1] Defendant removed this action based upon the Class Action Fairness Act Of 2005 ("CAFA") and the amount in controversy requirement was addressed in the Notice of Removal.  Plaintiff failed to plead a specific amount in controversy, so Pro Custom made a "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" consistent with Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).  However, Plaintiff's Complaint may be susceptible to dismissal per CAFA to the extent Plaintiff now seeks to rely upon federal law and if it is deemed that the total amount in controversy does not meet the $5 million threshold.

2

415 U.S. 423, 437 (1974) matter refers merely to federal rules governing the "future course of proceedings," not the substantive law that this instant motion relies upon.

Plaintiff's putative class action complaint must be dismissed because it seeks liquidated damages and New York substantive law precludes class action claims for statutory violations that include penalties unless the statute expressly permits otherwise. Here, the statutes relied upon by the Plaintiff include penalties, Plaintiff demands those penalties, but none of the statutes carve out permission for the class action claims alleged. Therefore, the complaint must be dismissed per FRCP 12(b)(6).

## II. NYLL AMENDMENTS INCREASING THE PENALTY AMOUNTS ARE IRRELEVANT TO THE SUBSTANTIVE LAW THAT FORBIDS CLASS ACTIONS SEEKING PENALTIES

Amendment to the NYLL increased the amount of the penalties, but those amendments do not alter the relief Plaintiff seeks nor how that relief has been determined by New York courts. Plaintiff wrongly claims the liquidated damages sought in this case under NYLL are compensatory and not punitive because "they are same as under the FLSA." See Brief pg. 3. However, Plaintiff did not file this lawsuit under the FLSA and Plaintiff has failed to connect the dots between the claims filed and FLSA claims. Therefore, Plaintiff's reliance on Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945) is completely misplaced because there the Court merely opined upon damages under the FLSA – not the damages Plaintiff seeks in the instant lawsuit.

Plaintiff's reliance on Chowdhury v. Hamza Express Food Corp., 666 F. App'x 59, 60–61 (2d Cir. 2016) is similarly improper. Chowdhury makes no mention of this issues germane to this motion. Chowdhury case was not a class action case and has nothing to do with the issue of whether liquidated damages are deemed a penalty for class action purposes.

The relief obtained under the NYLL, regardless of the amount, remains a penalty and Plaintiff has failed to offer an argument to the contrary. Plaintiff's complaint must be dismissed per FRCP 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, Pro Custom respectfully requests that the Court grant its motion, pursuant to FRCP 12(b)(6), and dismiss with prejudice Plaintiffs' complaint in its entirety against Pro Custom Solar LLC.

Dated: Florham Park, New Jersey  
       February 1, 2018

Respectfully submitted,  
SCHENCK, PRICE, SMITH & KING, LLP

/s/ John P. Campbell (JC-8746)_____  
John P. Campbell (JC-8746)  
220 Park Avenue  
Florham Park, New Jersey 07932  
(973) 539-1000  
*Attorneys for Defendants*  
*Pro Custom Solar LLC*

*JPC/1886711*

4