FILED
CLERK

12:10 pm, Jul 16, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
STEPHANIE SEDHOM, *individually, and on behalf of all others similarly situated*,

                     Plaintiff,

      -against-

PRO CUSTOM SOLAR LLC,

                     Defendant(s).
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-07559 (ADS)(AYS)

**APPEARANCES:**

**Abdul Hassan Law Group, PLLC**
*Attorneys for the Plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
      By:    Abdul Karim Hassan, Esq., Of Counsel

**Schenck, Price, Smith & King LLP**
*Attorneys for the Defendants*
116 West 23rd Street
Suite 500
New York, NY 10011
      By:    Michael J. Marotte, Esq.,
            John Patrick Campbell, Esq., Of Counsel

**SPATT, District Judge:**

The Plaintiff Stephanie Sedhom (the "Plaintiff") brought this action against the Defendant Pro Custom Solar LLC (the "Defendant" or "Pro Custom") alleging various violations of the New York Labor Law (the "NYLL").

Presently before the Court is a motion by the Defendant to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule" or "FED. R. CIV. P.") 12(b)(6). For the following reasons, the Defendant's motion is denied.

1

# I. BACKGROUND

## A. The Relevant Facts

Pro Custom is a New Jersey limited liability company that provides solar energy to building owners in New York State. The Plaintiff was employed by the Defendant as a manual worker from March 2017 until November 3, 2017. The Plaintiff worked seventy to eighty hours a week, over the course of six to seven days per week, and, allegedly, was not compensated at an overtime rate when she worked more than forty hours a week. She was paid on a biweekly basis.

## B. The Relevant Procedural History

The Plaintiff commenced this suit in New York State Supreme Court, Queens County on November 27, 2017. The Plaintiff alleged violations of 12 NYCRR 142-2.2, and New York Labor Law §§ 191, 193, 195, and 198. The Plaintiff sought unpaid overtime wages, maximum liquidated damages, attorneys' fees, costs, and disbursements, as well as an order certifying a class of similarly situated individuals pursuant to N.Y. C.P.L.R. § 901.

On December 28, 2017, the Defendant removed the action to federal court based on the diversity of the parties, as well as the Class Action Fairness Act of 2005.

On January 4, 2018, the Defendant filed the instant motion to dismiss.

# II. DISCUSSION

## A. The Legal Standard

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Electric, Inc. v. City of New York*, 53 F.3d 465,

469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

**B. Application to the Plaintiff's Claims**

The Defendant contends that the Plaintiff's complaint must be dismissed because "it seeks liquidated damages and CPLR 901 precludes class action claims for statutory violations that include penalties unless the statute expressly permits otherwise." (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 3). For her part, the Plaintiff argues that since the case has been removed to federal court, the Federal Rules of Civil Procedure apply rather than the New York

3

Civil Practice Law and Rules. The Court finds that the Federal Rules of Civil Procedure apply, and that Rule 23 does not have the same requirements as N.Y. C.P.L.R. §901.

The Defendant is correct that N.Y. C.P.L.R. § 901 forbids a plaintiff from filing a class action lawsuit under a statute that creates or imposes a penalty. The statute states:

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

N.Y. C.P.L.R. § 901(b).

However, the Supreme Court has explicitly held that § 901 does not apply to federal class actions in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010). In *Shady Grove*, the Court was presented with the question of whether C.P.L.R. 901 precludes plaintiffs from bringing class actions in federal court where the suit seeks to recover a penalty. *Id.* at 397, 130 S. Ct. at 1437. As here, the plaintiff had not yet sought an order certifying the class. Instead, the question was whether the case could proceed as a class action. Below, the Second Circuit had found that C.P.L.R. § 901 was substantive under Erie, and thus had to be applied by federal courts sitting in diversity.

The Supreme Court held that the class action bar codified in C.P.L.R. § 901 conflicted with Rule 23, concluding that Rule 23 creates a categorical rule as to when plaintiffs may maintain a class action, and so found that CPLR § 901 "cannot apply in a diversity suit unless Rule 23 is *ultra vires*." *Id.* at 399. Therefore, the Court held that Rule 23 preempted C.P.L.R. § 901, and that Rule 23 must be used when determining whether a case can proceed as a class action.

Apparently, the Defendant misapprehends the ruling in *Shady Grove*. First, contrary to the Defendant's assertion, the plaintiff in Shady Grove brought its claims pursuant to a New York statute, not a federal statute. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 466 F.

4

Supp. 2d 467, 469 (E.D.N.Y. 2006) ("[P]laintiffs request declaratory judgment that Allstate's automobile insurance policies contain an implied representation that Allstate will address no-fault claims in a manner consistent with New York Insurance Law ('N.Y. INS. LAW') § 5106 and Part 65–3 of Title 11 of the New York Compilation of Codes, Rules and Regulations ('N.Y.C.R.R.') and assert claims against Allstate for breach of contract, bad faith breach of contract, and violation of N.Y. Ins. Law § 5106."), *aff'd*, 549 F.3d 137 (2d Cir. 2008), *rev'd*, 559 U.S. 393, 130 S. Ct. 1431, 176 L. Ed. 2d 311 (2010), and *vacated and remanded*, 380 F. App'x 96 (2d Cir. 2010).

Second, the Court dealt with the question of whether the case could proceed as a putative class action, not whether the class should be certified. *See id.* at 399, 130 S. Ct. at 1438 ("Rule 23, [the Second Circuit] said, concerns only the criteria for determining whether a given class can and should be certified; section 901(b), on the other hand, addresses an antecedent question: whether the particular type of claim is eligible for class treatment in the first place—a question on which Rule 23 is silent. Allstate embraces this analysis. We disagree. To begin with, the line between eligibility and certifiability is entirely artificial. Both are preconditions for maintaining a class action." (internal citations omitted)); *see also Shady Grove*, 466 F. Supp. 2d at 475–76 (dismissing the plaintiffs' putative class action suit pursuant to Rule 12(b)(6) before the plaintiffs moved for certification).

Finally, the Defendant is incorrect that "Shady Grove does not address whether plaintiffs may pursue a class action and seek statutory penalties when the very statutes it relies upon to make the claim forbids such damages." (Def.'s Mem. at 2). *Shady Grove* in fact does exactly that. The Supreme Court held that Rule 23 governs as to whether a plaintiff may maintain a class action suit despite the limitation of CPLR 901. *See Shady Grove*, 559 U.S. at 401, 130 S. Ct. at 1439 ("Rule 23 permits all class actions that meet its requirements, and a State cannot limit that permission by

5

structuring one part of its statute to track Rule 23 and enacting another part that imposes additional requirements. Both of § 901's subsections undeniably answer the same question as Rule 23: whether a class action may proceed for a given suit."); *id.* at 399–400, 130 S. Ct. at 1438 ("Allstate asserts that Rule 23 neither explicitly nor implicitly empowers a federal court to certify a class in each and every case where the Rule's criteria are met. But that is *exactly* what Rule 23 does: It says that if the prescribed preconditions are satisfied '[a] class action *may be maintained*'—not '*a class action may be permitted.*' Courts do not maintain actions; litigants do. The discretion suggested by Rule 23's 'may' is discretion residing in the plaintiff: He may bring his claim in a class action if he wishes. And like the rest of the Federal Rules of Civil Procedure, Rule 23 *automatically* applies 'in all civil actions and proceedings in the United States district courts.'" (quoting Fed. Rule Civ. P. 1) (emphasis in original)); *id.* at 400, 120 S. Ct. at 1438 ("And like the rest of the Federal Rules of Civil Procedure, Rule 23 *automatically* applies 'in all civil actions and proceedings in the United States district courts,'" (quoting Fed. Rule Civ. P. 1)); id. at 399, 130 S. Ct. at 1438 ("The Second Circuit believed that § 901(b) and Rule 23 do not conflict because they address different issues. Rule 23, it said, concerns only the criteria for determining whether a given class can and should be certified; section 901(b), on the other hand, addresses an antecedent question: whether the particular type of claim is eligible for class treatment in the first place—a question on which Rule 23 is silent. Allstate embraces this analysis. We disagree. To begin with, the line between eligibility and certifiability is entirely artificial. Both are preconditions for maintaining a class action." (internal citations omitted)).

The case law on this point is vast, and well-settled. *Vargas v. Howard*, No. 1:15-CV-5101-GHW, 2018 WL 387896, at *9 (S.D.N.Y. Jan. 10, 2018) ("The Supreme Court has addressed New York's rule against liquidated damages in this context, and determined that [§ 901] is procedural

in nature and therefore is superseded by Rule 23. The cases Defendants cite to in support of their argument notably pre-date the Supreme Court's decision in *Shady Grove*. As Rule 23 contains no bar on liquidated damages, Defendants' argument is devoid of merit." (internal citations omitted)); *Fernandez v. Sharp Mgmt. Corp.*, No. 16-CV-0551 (JGK)(SN), 2016 WL 5940918, at *5 (S.D.N.Y. Oct. 13, 2016) ("[T]he Supreme Court ruled that N.Y. CPLR § 901(b) is preempted by Federal Rule of Civil Procedure 23 in all federal proceedings." (internal citation omitted)); *Moreira v. Sherwood Landscaping Inc.*, No. CV 13-2640 (AKT), 2015 WL 1527731, at *6 (E.D.N.Y. Mar. 31, 2015) ("In *Shady Grove,* the Supreme Court concluded that Rule 23 preempts section 901(b) of the NYCPLR, which bars class action plaintiffs from seeking "penalties" such as liquidated damages. 'In other words, the Supreme Court held that section 901(b) does not apply to state law class actions filed in federal court.' Post-*Shady Grove,* courts in this Circuit 'have consistently allowed plaintiffs to amend their pleadings to include claims for liquidated damages under sections 198 and 663 of NYLL that were previously barred by section 901(b),' even though 'jurisdiction over the NYLL claims was supplemental to federal question jurisdiction over FLSA claims.'" (quoting *Morris v. Alle Processing Corp.* (*"Morris II"* ), No. 08–CV–4874, 2013 WL 3282948, at *1 (E.D.N.Y. June 27, 2013))); *Morris v. Alle Processing Corp.*, No. 08CV-4874 JMA, 2013 WL 1880919, at *6 (E.D.N.Y. May 6, 2013) ("In *Shady Grove,* the Court held that section 901(b) of NYCPLR does not apply to state law class actions filed in federal court. In turn, 'plaintiffs alleging claims under sections 198 and 663 of NYLL may now seek liquidated damages in federal court.'" (quoting *Gortat v. Capala Bros., Inc.,* (*"Gortat II"* ), No. 07–CV–3629, 2011 WL 6945186, at * 9 (E.D.N.Y. Dec. 30, 2011) (further internal citations omitted))); *Coultrip v. Pfizer, Inc.*, No. 06 CIV. 15200 JCF, 2011 WL 1219365, at *4 (S.D.N.Y. Mar. 24, 2011) ([T]he Supreme Court[] [] found that CPLR § 901(b) conflicts with Rule 23 of the Federal Rules of Civil

7

Procedure and therefore does not apply to class actions grounded in New York law that are filed in federal court."); *Hamelin v. Faxton-St. Luke's Healthcare*, 274 F.R.D. 385, 402 n.5 (N.D.N.Y. 2011) ("[T]he Supreme Court has held that CPLR section 901(b) does not apply to Rule 23 class actions and that liquidated damages available under New York law may be pursued in a federal class action." (internal citations omitted)); *Meyers v. Crouse Health Sys., Inc.*, 274 F.R.D. 404, 422 n.13 (N.D.N.Y. 2011) (same); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 275 F.R.D. 75, 92 n.8 (N.D.N.Y. 2011) (same); *Pefanis v. Westway Diner, Inc.*, No. 08 CIV 002 DLC, 2010 WL 3564426, at *7 (S.D.N.Y. Sept. 7, 2010) ("[T]he Supreme Court found that N.Y. C.P.L.R. § 901(b), which precludes a suit to recover a statutory 'penalty' or 'minimum measure of recovery' from proceeding as a class action, was in direct conflict with Rule 23, FED. R. CIV. P. As a result, the Court held that Rule 23, not § 901(b), must be applied to New York class actions brought in federal court. As such, plaintiffs may now seek liquidated damages authorized by NYLL as part of a Rule 23 class action in federal court. (internal citations omitted));

The Defendant chose to remove the case to federal court. As such, pursuant to *Shady Grove*, Rule 23 governs the Plaintiff's putative class action. Had the Defendant filed this motion in New York State court, it may very well have been granted, because the Federal Rules of Civil Procedure do not apply, and the N.Y. C.P.L.R. does.

Therefore, because the Supreme Court has explicitly held that N.Y. C.P.L.R. § 901 does not govern whether putative class actions may be maintained in federal court, the Plaintiff's complaint need not be dismissed because it seeks liquidated damages. Rule 23 controls, and it does not have any of the requirements of N.Y. C.P.L.R. 901.

### III. CONCLUSION

As N.Y. C.P.L.R. § 901 does not control here because the Defendant removed this action

to federal court, and that is the sole basis upon which the Defendant moves, the Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) is denied. This case is respectfully referred to United States Magistrate Judge Anne Y. Shields for the commencement of discovery.

It is **SO ORDERED:**

Dated: Central Islip, New York

July 16, 2018

   /s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge