UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Stephanie Sedhom,<br>Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-v-<br><br>Pro Custom Solar LLC,<br><br>Defendant. | **Civ. Action #:** 17-CV-7559 (ADS)(AYS)<br><br>**FIRST AMENDED<br>COMPLAINT**<br>(Collective and Class Action)<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

    Plaintiff Stephanie Sedhom ("Plaintiff," or "Sedhom"), on behalf of herself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendant Pro Custom Solar LLC ("Defendant" or "PCR"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself, and other similarly situated current and former hourly employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of herself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff further complains under Fed. R. Civ. Proc. 23, on behalf of herself and a class of other similarly-situated current and former employees who were employed by Defendant as manual workers, within the six-year period preceding the filing of this action to the date of disposition of this action, that he and they: 1) were employed by Defendant within the State of New York as manual workers; 2) entitled to maximum liquidated damages (for the period after April 9, 2011) and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendant from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

4. Plaintiff and the class members are also entitled to recover: 1) compensation for not receiving notices and statements required by NYLL 195, and 2) entitled to recover full reimbursement for all unreimbursed business expenses, under Article 6 of the New York Labor Law including Section 191, 193, 198, and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

8. This case was removed from New York State Supreme Court, Queens County to this Court by Defendant pursuant to 28 U.S.C. §§ 1332, 1441, 1446. (See ECF No. 1).

## THE PARTIES

9. Plaintiff Stephanie Sedhom ("Plaintiff" or "Sedhom") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

10. Upon information and belief and at all times relevant herein, Defendant Pro Custom Solar LLC was a for-profit corporation duly authorized to do business in New York.

11. Upon information and belief, and at all times relevant herein, Defendant PCS had a place of business at 45 Fairchild Avenue, Plainview, NY 11803 – Plaintiff worked for Defendant within New York, including Queens County.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was in the business of providing solar energy to building owners including in New York State, including Queens County.

13. Upon information and belief, and at all relevant times herein, Defendant employed about 20 or more employees at given time and a total of about 80 employees during the class period in New York.

14. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker – engaged in motor vehicle operation, walking, and handling materials all day in the process of promoting Defendant's solar services – the putative class members performed the same or similar manual work.

15. Plaintiff Sedhom was employed by Defendant from in or around March 2017 to on or about November 3, 2017.

16. Upon information and belief and at all times relevant herein, Plaintiff was paid at an effective hourly rate of about $13.33 an hour or less at during various times of her employment with Defendant.

17. At all times relevant herein, Plaintiff worked approximately 70-80 hours a week for Defendant, and sometimes more. Plaintiff worked six days a week for Defendant and during some periods, worked seven days a week. Plaintiff would start her day as early as 8AM or before and end her workday for Defendant as late as 10PM or after.

18. At all times relevant herein, Plaintiff and the putative class members were paid on a biweekly basis in violation of NYLL 191 (1)(a)(i).

19. At all times relevant herein, Plaintiff and the putative class were required to use their own vehicle to make deliveries for Defendant. Plaintiff spent about $130 a week for gas in order to perform work for Defendant and was not reimbursed for such work-related expenses. Plaintiff also had to incur other employment-related costs such as other costs associated with the use of her vehicle to perform work for Defendant.

20. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

21. At all times relevant herein, Defendants did not provide Plaintiff and the class with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain the weekly hours worked by Plaintiff, among other deficiencies.

22. Defendant's treatment of Plaintiff during her employment, and the circumstances of Plaintiff's termination are currently under investigation and review, and Plaintiff may assert wrongful termination and other claims at a later time.

23. Plaintiff's hours worked and wages paid will be refined after Defendant produces employment, time and wage records it was required to keep under the FLSA and NYLL.

24. Plaintiff incorporates herein, <u>accurate</u> records of her time, wages and employment that

Defendant was required to keep pursuant to the FLSA and NYLL.

25. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of one and one half times her regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

26. Upon information and belief, Defendant failed to pay Plaintiff and the putative class members at a rate of 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

27. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

28. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the State of New York.

30. Upon information and belief and at all times relevant herein, Defendant purchased equipment and supplies from vendors outside the State of New York.

31. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

32. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

33. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

35. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

36. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

38. Plaintiff alleges on behalf of herself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. The named Plaintiff has consented to be part of this action by the filing of this action on her behalf and with her consent.

40. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

41. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of Defendant, and who: 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

42. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 80 members of the class during the class period.

43. The class definition will be refined as is necessary, including after discovery if necessary.

44. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

45. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

46. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

47. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

48. Due to Defendant's FLSA violations, plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

49. Plaintiff alleges on behalf of herself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

50. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

51. The class of similarly-situated individuals as to the second cause of action under the NYLL is defined as current and former employees who worked for the Defendant within the State of New York and who: 1) worked more than 40 hours in a week; and 2) were not paid at least 1.5 times their regular rate of pay for each and all hours over 40 hours in a week; and/or 3) were not paid at least 1.5 times the applicable New York minimum wage rate for each and all hours over 40 hours in a week, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

52. The class definition will be refined as is necessary, including after discovery if necessary.

53. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 80 members of the class during the class period.

54. Upon information and belief, the putative class is so numerous that joinder of all members is

impracticable.

55. Upon information and belief, there are questions of law or fact common to the class – whether Plaintiff and the putative class members were paid at least 1.5 times their regular rate and 1.5 times the applicable New York minimum wage rate for each and all hours over 40 in a week.

56. Upon information and belief, the claims of the representative party are typical of the claims of the class.

57. The representative party will fairly and adequately protect the interests of the class.

58. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

59. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

> (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.
>
> (b) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times the New York State minimum wage rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual

Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

61. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

62. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff and the putative class members at least 1.5 times their regular rate and 1.5 times the applicable New York minimum wage rate for each and all hours over 40 in a week, in violation of 12 NYCRR § 142-2.2.

## Relief Demanded

63. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## (NYLL § 191, 198  - Untimely Wage Payments)

64. Plaintiff alleges on behalf of himself and all others similarly-situated and incorporates by reference the allegations in paragraphs 1 through 63 above.

65. The class of similarly-situated individuals as to the first cause of action under the NYLL is defined as current and former employees who worked for the Defendant as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

66. The class definition will be refined as is necessary, including after discovery if necessary.

67. Although the precise number of putative class members is unknown, and facts on which the

calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 80 members of the class during the class period.

68. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

69. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

70. Upon information and belief, the claims of the representative party are typical of the claims of the class.

71. The representative party will fairly and adequately protect the interests of the class.

72. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

73. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members their wages weekly, as required by NYLL 191(1)(a)(i).

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

75. At all times relevant to this action, plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 191(1)(a) and the regulations thereunder.

76. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 191 (1)(a).

**Relief Demanded**

77. Due to Defendant's NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**NYLL § 193 and 198**

78. Plaintiff alleges on behalf of herself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 77 above as if set forth fully and at length herein.

**CLASS ALLEGATIONS**

79. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

80. The class of similarly-situated individuals as to the third cause of action under the NYLL is defined as current and former employees who worked for the Defendant within the State of New York and who: 1) were not reimbursed by Defendant for employment-related expenses such as gasoline, as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

81. The class definition will be refined as is necessary, including after discovery if necessary.

82. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 80 members of the class during the class period.

83. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

84. Upon information and belief, the claims of the representative party are typical of the claims of the class.

85. The representative party will fairly and adequately protect the interests of the class.

86. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

87. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (b) Whether, Defendant failed and/or refused to reimburse Plaintiff and the putative class members for employment-related expenses, in violation of NYLL 193, and 12 NYCRR 142-2.10.

88. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

89. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 193,198 and the regulations thereunder.

90. At all times relevant herein, Defendant failed to pay and failed to reimburse Plaintiff and all those similarly-situated as class members, for employment-related expenses such as gas, in violation of NYLL 193 and 12 NYCRR 142-2.10.

### Relief Demanded

91. Due to Defendant's violations of 12 NYCRR 142-2.10, New York Labor Law Article 6 violations including violation of sections 193 and 198, and the regulations thereunder, Plaintiff, and all those similarly situated, are entitled to recover from Defendant, their unreimbursed employment-related expenses, maximum liquidated damages (for the period after April 9, 2011), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NYLL § 195, 198

92. Plaintiff alleges on behalf of herself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 92 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

93. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

94. The class of similarly-situated individuals as to the third cause of action under the NYLL is defined as current and former employees who worked for the Defendant within the State of New York and who: 1) were not provided wage notices and wage statement by Defendant, as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

95. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

96. The class definition will be refined as is necessary, including after discovery if necessary.

97. Although the precise number of putative class members is unknown, and facts on which the

calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 80 members of the class during the class period.

98. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

99. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

100. Upon information and belief, the claims of the representative party are typical of the claims of the class.

101. The representative party will fairly and adequately protect the interests of the class.

102. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

103. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), or whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

104. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

105. At all times relevant to this action, Plaintiff and all those similarly-situated as class

members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 195 and 198.

106. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

107. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

108. Plaintiff, and all those similarly situated, are entitled to recover from Defendant, their maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

109. Declare Defendant (including its overtime and wage payment policy and practice) to be in violation of the rights of plaintiff and those similarly-situated, under the FLSA and New York Labor Law and enjoin Defendant from engaging in such violations.

110. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

111. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act

16

and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

112. As to the **Third Cause of Action**, order Defendant to pay Plaintiff and the class, interest thereon, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198

113. As to the **Fourth Cause of Action**, award of Plaintiff and those similarly situated as class members, reimbursement for unlawful wage deductions and employment related expenses, reasonable attorneys' fees, and costs of the action, pursuant to NYLL 193, 12 NYCRR 142-2.10, N.Y. Labor Law § 190 et seq. including § 198.

114. As to the **Fifth Cause of Action**, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), 12 NYCRR 142-2.7, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

115. Award plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

116. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **September 6, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)

215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*