# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

**Abdul K. Hassan, Esq.**
Email: abdul@abdulhassan.com
*Employment and Labor Lawyer*

Tel: 718-740-1000
Fax: 718-740-2000
Web: www.abdulhassan.com

December 13, 2019

**Via ECF**

Hon. Arthur D. Spatt, USDJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722
Tel: 631-712-5620

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 30 2019 ★

LONG ISLAND OFFICE

Re: <u>Sedhom v. Pro Custom Solar LLC</u>
Case No. 17-CV-07559 (ADS)(AYS)
Motion for Settlement Approval

Dear Judge Spatt:

My firm represents plaintiff Stephanie Sedhom ("Plaintiff" or "Sedhom") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Exhibit 1 is a fully executed copy of the settlement agreement. Plaintiff writes in support of the motion.

Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice violations of the NYLL.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions and exchange of information at the mediation conducted by an experienced FLSA mediator from this Court's mediation panel. Plaintiff was employed by Defendant from in or around March 2017 to on or about November 3, 2017.

1

Based on the allegation in the complaint, Plaintiff is owed unpaid overtime wages of approximately \$6.66/hr. x 35hrs/wk. x 33wks = \$7,698 and unpaid reimbursements of approximately 130/wk. x 33wks = \$4,290.

It is Defendant's position that Plaintiff was a salesperson and is therefore not entitled to overtime wages. In the alternative, if the exemption applies, Plaintiff would be entitled to overtime at 1.5 times the New York State minimum wage rate pursuant to 12 NYCRR § 142-2.2, of approximately \$3.17/hr. x 35hrs/wk. x 33wks = \$3,661.35 – Defendant also challenge the applicability of this alternative rule. This defense would be a significant barrier to recovery in the case and as such, the recovery under the settlement is fair and reasonable in the circumstances and any compromises made are legally and factually justified. Defendant also disputes the work hours alleged by Plaintiff. In general Defendant deny Plaintiff's allegation that she is owed wages.

Defendant may also be able to avoid liquidated damages – including on all wages paid later than weekly, if it proves a good faith affirmative defense.

Assuming Plaintiff prevails on her wage notice and wage statement violations she could be entitled to another \$10,000 maximum (\$5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

Under the settlement Plaintiff will is due to receive \$9,618 after a 1/3 contingency fee and costs. (Ex. 1, ¶ 2(a-b)).

Under the settlement, Plaintiff's counsel is receiving a 1/3 contingency fee of \$4,809 after reimbursement of \$573 in costs. (Ex. 1 ¶ 2(c))[1]. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman author of *Wolinsky* - approving 1/3 fees of \$14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is \$600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

attorney."); *Mares v. Kim*, No. 15 CIV. 7197 HBP, 2016 WL 4098408, at 2 (S.D.N.Y. July 25, 2016)("As described in *Cheeks*, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from over-reaching by the employer. 796 F.3d at 206. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counselor to alter the freedom of contract between a client and his attorney.")

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Gonzalez v. Talon Air Inc. et. al.*, ECF Case No. 18-cv-04415 (Judge Spatt - December 12, 2019), ECF No. 31 (approving 1/3 fee of $9,659 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al*, Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Petrosyan v. Quality Frozen Foods, Inc. et al*, Case No.19-cv-01672 (Chief magistrate-Judge Mann - July 11, 2019)( approving 1/3 fee of $14,032 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Crockwell v. Richmond Hill Lumber & Supply Corp. et al*, Case No. 17-CV-05823 (PK) (approving a 1/3 contingency fee of $15,000 under Cheeks) (Magistrate-Judge Kuo – April 17, 2018); *Mena v. Disano Construction Co., Inc. et al*, Case No. 17-CV-04777 (Magistrate-Judge Kuo – April 5, 2018)(Approving a 1/3 contingency fee of $14,692 under Cheeks); *Castillo v. Cranes Express Inc. et al*, Case No. 18-CV-01271 (PKC)(LB)(Magistrate-Judge Bloom's R&R – December 12, 2018)(approving a 1/3 contingency fee of $23,079 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Kolenovic v. FSM Management, Inc. et al*, Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Coleman v. De Franco Pharmacy, Inc. et al* Case No. 17-CV-08340, ECF No. 33, (Magistrate-Judge Pitman – August 1, 2018), (approving a1/3 fee under *Cheeks* of about $14,094); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive a lot less or nothing. Second, the settlement amount is not trivial in relation to the claims, especially in light of the legal and factual issues. Third, Defendant disputes the hours worked claimed by Plaintiff. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsel via ECF**

# SETTLEMENT AGREEMENT AND RELEASE

Pro Custom Solar LLC ("Defendant"), and Stephanie Sedhom ("Sedhom"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

   a. "Plaintiff" shall be defined as Stephanie Sedhom.

   b. Plaintiff Stephanie Sedhom was employed by Defendant Pro Custom Solar LLC.

   c. "Defendant" shall be defined as Pro Custom Solar LLC.

   d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on November 27, 2017, in the New York State Supreme Court, County of Queens with Index # 716341/2017 and removed by Defendant to the United States District Court, Eastern District of New York, with Civil Action #: 17-CV-7559 (ADS)(AYS).

2. **Consideration**. In consideration for Ms. Sedhom's signing this Agreement and the release of all claims herein, Defendant Pro Custom Solar LLC agrees to make the following payments totaling Fifteen Thousand Dollars ($15,000):

   a. A check made payable to "Stephanie Sedhom," in the amount of Four Thousand, Eight Hundred Nine Dollars and Zero Cents ($4,809), less applicable taxes and withholdings, to be reported on an IRS Form W-2 due within five (5), days of court approval of this settlement agreement;

   b. A check made payable to "Stephanie Sedhom," in the amount of Four Thousand, Eight Hundred Nine Dollars and Zero Cents ($4,809), representing liquidated and other damages, to be reported on an IRS Form 1099-MISC (Box 3), due within five (5), days of court approval of this settlement agreement;

   c. A checks made payable to "Abdul Hassan Law Group, PLLC," in the amount of Five Thousand Three Hundred Eighty-Two Dollars and Zero Cents ($5,382), representing a 1/3 contingency fee ($4,809) plus costs ($573), to be reported on an IRS Form 1099-MISC (Box 14), due within five (5), days of court approval of this settlement agreement;

   d. The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

        3.      **No Consideration Absent Execution of This Agreement**.  Plaintiff understands and agrees she would not receive the monies and/or benefits specified in Paragraph 2 above, except for her execution of this Agreement and the discontinuance of the Action with prejudice.

        4.      **Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all wage and hour claims under the FLSA and NYLL, as well as any and all related claims, as of the date of approval of this Agreement by the Court, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

        5.      **Acknowledgments and Affirmations**.

        a.      Plaintiff affirms that in the Action she has asserted a claim in seeking unpaid wage or overtime pay under the Fair labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes her attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

        6.      **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendant agree to execute a binding replacement release(s).

        7.      **Amendment**.  Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

        8.      **Resolution of Disputes**.  The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

        9.      **Non-admission of Wrongdoing**.  The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

        10.      **Entire Agreement**.  This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties.  Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to him in connection with her decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Ms. Sedhom was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Ms. Sedhom is competent to execute this Agreement.

15. **Motion to Approve Settlement Agreement /Dismissal of the Lawsuit.** The Parties hereby direct their counsel to file a joint motion for approval of this Agreement. Plaintiff hereby authorizes and instructs Plaintiff's counsel to sign and submit to the Court a Stipulation of Dismissal with Prejudice upon the Court's approval of this Agreement.

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**STEPHANIE SEDHOM**

By: _[signature]_
Date: 12/05/19

Settlement Approved
cnc closed

/s/ Arthur D. Spatt
(USDJ), 12/30/19

**DEFENDANT:**

**PRO CUSTOM SOLAR LLC**

By: _[signature]_
Print Name: Joseph Maddaloni, Jr.
Title: Counsel
Date: 12/30/2019

{02226488 DOCX.1 }

3